NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10033 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00271-LJO-SKO-2 |
| v. | |
| ANDREW ADAM GOMEZ, AKA Andrew A. Gomez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and CAIN,** District Judge.

Andrew Adam Gomez appeals the denial of his motion to suppress evidence

following his conditional guilty plea to conspiracy to possess with intent to

distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James David Cain, Jr., United States District Judge for
the Western District of Louisiana, sitting by designation.

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that Officer Kensey's inquiries did not prolong the traffic stop beyond what was reasonably necessary to perform the permissible tasks outlined in *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). Kensey stopped Gomez for a legitimate speeding violation. Upon approaching Gomez's vehicle, Kensey was overwhelmed by the strong odor of air freshener. Kensey noticed two air fresheners, one hanging from each of the front headrests, as well as numerous fast-food wrappers and containers littered throughout the car. When Kensey requested Gomez's license, Gomez explained that he only had a permit, but he did not have it with him. Under these circumstances, the district court properly concluded that Kensey was justified in continuing to ask questions because he was still in the process of completing "tasks tied to the traffic infraction," which include inquiries that "ensur[e] that vehicles on the road are operated safely and responsibly." *Id.* *Cf. United States v. Evans*, 786 F.3d 779, 786 (9th Cir. 2015) (concluding that the officer impermissibly extended the stop by running ex-felon registration check unrelated to traffic safety and unsupported by separate reasonable suspicion); *United States v. Gorman*, 859 F.3d 706, 715 (9th Cir. 2017) ("Non-routine record checks and dog sniffs are paradigm examples of 'unrelated investigations' that may not be performed if they prolong a roadside detention absent independent reasonable suspicion.").

**AFFIRMED.**